## Cunningham v. Board of Commissioners of Ridley Township

*Joseph A. Damico, Jr.*, for appellants.
*R. Paul Lessy*, for appellee.

WRIGHT, J., September 8, 1972.—This is an appeal by Edith H. Cunningham, owner of record, and Atlantic Richfield Company through its subsidiary, Sibarco Stations, Inc., equitable owner (hereinafter called appellants), from the action of the Board of Commissioners of Ridley Township (hereinafter referred to as appellee) in refusing to grant a zoning change from A Business to B Business.

A public hearing was held before appellee on the application on January 19, 1972, and by a letter dated March 2, 1972, addressed to the attorney for appellants, appellants were notified that their application had been denied. On March 23, 1972, appellants filed a zoning appeal notice in the office of the prothonotary of this court.

Appellants had made a prior application to appellee on which a hearing was held and the application denied.

Appellants state the issues to be:

1. The prohibition against service stations in an "A" business district is unconstitutional in that:

A. The zoning of "B" business areas for service stations has not been pursuant to a comprehensive plan, does not bear any reasonable relation to a zoning scheme or plan and has resulted in spot zoning.

B. It is unjustly discriminatory, arbitrary and unreasonable to prohibit the use of the subject property as a service station.

Appellee made no findings of fact prior to denying appellants' application. There was a stipulation, filed in this court by the attorneys for the parties, agreeing to certain facts.

The issue presently before this court is: Does this court have authority to decide this case on its merits?

Under the present status of this record, this court

is of the opinion that it does not have authority to decide the case on its merits.

Article IX of the Pennsylvania Municipalities Planning Code (hereinafter referred to as MPC) deals with the zoning hearing board. Section 911 of the MPC, 53 PS §10911, appears to set out the only circumstances where there may be a direct appeal to the court of common pleas on a zoning case from any body other than the zoning hearing board. These exceptions are cases involving planned residential development ordinances and subdivision and land development ordinances: Levitt & Sons, Inc., et al. v. Kane, Jr., 4 Comm. Ct. 375, 53 PS §10911-912.

Appellants, in order to test the validity of the Ridley Township Zoning Ordinance as it restricts them in the use of their property, must apply to the zoning hearing board.

In Levitt & Sons, Inc., et al. v. Kane, Jr., supra, the Commonwealth Court, at pages 389-90, states:

". . . the Code provides as the exclusive procedure for one desiring to test the validity of zoning regulations restricting him from a desired use of his. property to make application in the usual fashion, that is through the zoning hearing board and thence to the court.

"Not only does this holding comport with the statute, it provides a record appropriate for appellate review. Zoning hearing boards are required to make findings of fact, and the trial courts are empowered to make supplemental findings if they receive additional evidence. When the matter comes to an appellate court, if this should happen, it arrives with that most essential ingredient of appellate review, findings made by the triers of facts. The instant case provides strong support for the wisdom of the drafters of the Code in not providing an appeal from the

supervisors except in the limited circumstances of Section 911 relating to subdivision ordinances and planned residential development ordinances. Not only has this court no findings of fact before it, some of the record before the Board of Supervisors consists only of minutes and at least one hearing before the Board of Supervisors consisted solely of unsworn statements of opinion by citizens attending the meeting."

In the instant case, not only were there no findings of fact made by appellee, but neither was there any sworn testimony by anyone.

Under the present posture of the proceedings, the appeal must be dismissed, with leave to appellants to proceed before the zoning hearing board.

### ORDER

And now, to wit, September 8, 1972, it is ordered and decreed:

1. The appeal taken to this court by appellants is dismissed.

2. Appellants are hereby granted leave to take further proceedings under the provisions of the statutes providing for appeals in zoning cases.